UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., :
a Florida Non Profit Corporation, and DENISE PAYNE, :
Individually, :
 :
      Plaintiffs, : Case No.
 :
vs. :
 :
GATEWAY HOSPITALITY RU, LLC, a Virginia :
Limited Liability Company, :
 :
      Defendant. :
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiffs, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non Profit Corporation, and DENISE PAYNE, Individually, on their behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, GATEWAY HOSPITALITY RU, LLC, a Virginia Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., is a non profit corporation formed under the laws of the State of a Florida. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. maintains its principal office at 1501 NE 12th St., Ft. Lauderdale, FL 33304, in the County of Broward.

2. Defendant's property, Best Western Radford Inn, is located at 1501 Tyler Avenue,

Radford, VA 24141, in the City of Radford.

3. Venue is properly located in the Western District of Virginia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Denise Payne is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Denise Payne has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff organization, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., discussed below in paragraph 6.

6. Plaintiff NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. and its members

have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. has also been discriminated against because of its association with its disabled members and their claims.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Best Western Radford Inn, and is located at 1501 Tyler Avenue, Radford, VA 24141.

8. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. and Denise Payne have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Denise Payne desires to visit Best Western Radford Inn not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff and members of the

corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Best Western Radford Inn has shown that violations exist. These violations include, but are not limited to:

**Parking**

   A.   Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG.

   B.   There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG.

   C.   There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

**Entrance Access and Path of Travel**

   D.   There are changes in levels of greater than 1/2 inch, violating Section 4.3.8 of the ADAAG.

   E.   A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG.

   F.   The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG.

**Access to Goods and Services**

G. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG.

H. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

I. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

J. The public telephones throughout the facility do not provide the prescribed reach ranges for disabled patrons, in violation of sections of the ADAAG.

K. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

**Restrooms**

L. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG.

M. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

N. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

O. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG.

P. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG.

Q. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

R. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

**Accessible Guest Rooms**

S. The rooms designated as accessible are not equipped with accessible door hardware violating Sections 4.13.9 and 9 of the ADAAG.

T. There are barriers to access in the guestrooms designated for disabled use in violation of several Sections of the ADAAG.

U. The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required reach ranges violating Sections 4.2 and 9 of the ADAAG.

V. The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG.

W. There are areas for storage provided without the prescribed reach ranges for a disabled patron in violation of sections of the ADAAG.

X. The grab-bars in the restroom provided in the room designated as accessible do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

Y. The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.24 of the ADAAG.

Z. The mirrors and dispensers provided in the restroom provided in the room designated as accessible are in violation of the requirements in Section 4.19 and 4.27 of the ADAAG.

AA. The clear floor space provided in the restroom of the room designated for disabled use violates the provisions of Sections 4.18.3 and 4.22 of the ADAAG.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory

situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with

disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Best Western Radford Inn to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

                              Respectfully Submitted,

Date: February 10, 2011                      /s/ Eric W. Reecher
                                            Eric W. Reecher, Esquire
                                            Virginia Bar Number: 43618
                                            ELLIOT LAWSON & MINOR, P.C.
                                            110 Piedmont Avenue, Suite 300
                                            Bristol, VA 24201
                                            (276) 466-8400
                                            (276) 466-8161 - Facsimile
                                            ereecher@elliottlawson.com

                                            John P. Fuller, Esquire, *pro hac vice pending*
                                            FULLER, FULLER & ASSOCIATES, P.A.
                                            12000 Biscayne Blvd., Suite 609
                                            North Miami, FL 33181
                                            (305) 891-5199
                                            (305) 893-9505 - Facsimile
                                            jpfuller@fullerfuller.com

                                            Counsel for Plaintiffs National Alliance For
                                            Accessibility, Inc. and Denise Payne

#4173-Gateway Hospitality RU, LLC Complaint  (cme 12-2-10).wpd